The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced. The times will be allotted to counsel. The first case today is United States v. J. Gaccione, appeal number 19-1680. Good morning. Ms. Aidlin, you may proceed when you are ready. May it please the Court, Lisa Aidlin on behalf of Appellant J. Gaccione. Your Honors, before I start, may I reserve two minutes for rebuttal? Yes. The facts in this case are unquestionably repugnant and disgusting, but the essence of this case boils down to a simple question for this Court to decide. Can a guilty plea to distribution of child pornography be sustained where no pornographic images or file names were recovered or could be identified? There is not a single case that has ever upheld a guilty plea to distribution under these circumstances. Counsel, do you agree that the standard of review for this particular claim of error is plain error? I do, yes. All right. That may make a difference, may it not? I don't believe it makes a difference in this case. All right. If a defendant didn't commit a crime, it shouldn't matter whether this Court is reviewing under plain error or clear error. But he or the defendant has admitted to the commission of the crime, so the question is, is the defendant's admission, together with whatever circumstantial evidence there is, and I grant you there isn't much, is that enough to avoid clear and obvious error? And I agree with that summary of this case, but I believe that the reason you can't have the distribution charge sustained is because, as you, Honor, just recognized, there is no proof to sustain that guilty plea. In other words, there is proof because the defendant's admission is proof. The question is, is it enough proof? But are we really comfortable having just a court say, are you guilty of this, and having a defendant say yes, with no proof by the government at all to sustain that admission? Well, is it fair to say that there's no proof at all other than that admission? I mean, we know that the defendant was, let's say, not a stranger to pornographic images, that he was in that realm to some extent, that he had some transactions with this individual in South Africa, I believe it was, that he did distribute some images. So the question is, do those images qualify as child pornography? The defendant tells the under conventional standards of review, but my question to you is, why isn't it enough under plain error review? I believe it's not enough under plain error review because distribution of child pornography requires it to constitute a sexually explicit conduct of a minor, and without an image, we have no idea what possibly had been sent to the person in South Africa. So is it your thesis that a defendant can never be convicted of this offense if the actual image can't be produced or reproduced? I think if you don't have an image or graphic file names, as were found in other cases, I was unable, and the prosecutor as well, to uncover any case involving no images for distribution, because quite frankly, obviously he's guilty of the other charges. We're only dealing with distribution, and I agree with you, the conduct of Mr. Gaccioni clearly had to deal with, I think the distribution charge was just an added charge in this case. I think he was guilty of all the other crimes, but not distribution of child pornography when you don't have images to say that it's even a child, a real child, a child under 18, where the image is graphic enough to constitute pornography. I think it's questionable even under plain error to allow a defendant to plead guilty to distribution without an image. I had two different questions I wanted to ask you. One of which is, I understand the argument if the question is you read a charge and the charge is a bare bone charge just stating the offense, and if the defendant then says I plead guilty to that, I could see why you would say that's not enough. But I think the difficulty here is we have the plea plus an admission as to particular facts supporting the plea, and the question is why wouldn't those specific admissions about the details of the images be enough to support it? I guess what we really have here is, well I mean one, we have an indictment which specifically says images of his daughter, and he flat out denies sending any images of his daughter. I want to put that put that aside, because the purpose of the argument you're making to us, that is irrelevant. The argument you've been leading with is an argument that the charge that he pled to can't be sustained because there's not factual support for it, and I guess my question is if I give a detailed recitation of the image, and I am the putative sender of the image, why isn't that enough? It's not as if I'm just pleading to the offense, I'm then giving factual support for the offense through my admissions about what I did. Fair enough, but in this case on the record, he gave no description about any images that were Mr. Byrne in South Africa. There's nothing even in the government's recitation during the plea colloquy that describes what the images were. I thought the scenario was that there was a evidence that the images had been received and sent to South Africa that qualified as child pornography, and then the only dispute was who did the image depict? I do not believe that the record by the government is that six images were traded on April 29th with the gentleman in South Africa, but there was no description as to what those images were because they were never recovered, and Mr. Gaccioni during the plea colloquy never said the nature of what images were sent to Mr. Byrne. But he is referring to six, he's not disputing that the images in question are the six images that were sent to South Africa, correct? He didn't dispute that six images were sent, he disputed that they A, weren't his daughter, and B, never described what the images were. What if they constituted erotica? But he said that what they, so your position is that the problem is that he hasn't given enough, if he had given a more detailed account of the image, you would say it's a different case? Correct. Yeah, I think if he had described, given that the images didn't exist, if he had in explicit detail said, I sent an image of a prepubescent female, whatever, engaged in this, and described each image, I think I'd feel more comfortable having this court affirm a guilty plea to distribution without an image, but there was absolutely no point, I mean the government had statements by Mr. Gaccioni that he was involved in some online chat room, where images were traded, and they never indicted him on distribution of kids off the internet, because in that, in that situation, that he had been accused of like recycling other images, right? And that's where this case gets a little confusing, because he never admitted in any scenario, in any statement, that he sent six images, that he sent images of his daughter, in fact, he said he never did, he actually tried never sending images of his daughter, and to be clear, only 12 images in one video of his daughter were ever found in this case. He didn't produce more than that, this isn't a case where a defendant has thousands of images of his daughter, or thousands of videos, it was very minor in terms of how many images were actually even produced in this case, which is why the majority of the case centers around the sexual exploitation charges, but I don't, I don't see how we're, this court should be comfortable with a defendant admitting basically what a court's telling him. And at the last minute, during a plea call, the gentleman has like a ninth grade education, he can barely read or write, there's no plea agreement in this case, and there's no, and all of a sudden he's like, I never sent any images of my daughter to Mr. Byrne, I think it's problematic. Judge Barron, do you have an additional question? Well, I thought in your briefing you raised an argument about constructive amendment versus a variance, and on that question, I guess I was trying to understand the argument, if we thought it was a variance, could you still win? Yes, I think, I think, right, so I think it's, I mean, basically the cases are all over the place, whether something's a constructive amendment or a variance, at the end of the day, the bottom line is, was it prejudicial to my client? In other words, is it prejudicial that he was indicted for sending images, trading images of his daughter, when at the last minute, the prosecution says, no, it's okay, it's kids off the internet, other kids off the internet, which I find problematic, because now you've left open the door of double jeopardy, he's clearly liable, potentially in the future, for another distribution charge, for trading images of other children to this online community chat board, which, quite frankly, the prosecution had more evidence to support that, than with Mr. Byrne. So, I think it does come down to, it's irrelevant whether you want to term it a constructive amendment or a variance, it's all about prejudice. Okay, assuming it's a variance, so then there's no problem with the grand jury not having done what it needed to do. And assuming we've rejected your argument, that the evidence was insufficient to support the plea, because if we accept that argument, we don't need to get to the variance. Could you just explain what the prejudice is, with respect to the variance argument? I'm not following it. So, the prejudice is that he's, Mr. Gaccioni, is susceptible to double jeopardy. In other words, another indictment for trading images of kids off the internet, with members of this online community chat board. And he's, that was absolutely still left exposed in this case. All right, Ms. Adelin, thank you. Would you please mute your audio and video at this time, and Attorney Zurier, if you would unmute. Am I? And you may proceed with your argument. Thank you. May it please the court, Lauren Zurier for the United States. I believe that the flaw in the defendant's argument, as to both the constructive amendment argument and the adequacy of the plea foundation, is that the defendant has assumed that by disagreeing with the identity of the minor depicted in the photographs that were distributed during the change of plea hearing, that he also thereby contested the other elements of a 2252 charge, namely the age, the content, the behavior in the image, and whether the image depicted a real person. It's clear from the record, however, that the only thing that was contested was the identity. Indeed, defense counsel assured the court that identity is irrelevant, and on appeal, in her reply brief, the defendant concedes that identity is irrelevant, and the court made a finding that the defendant had admitted to every element necessary to uphold the charge. The standard for a rule 11 adequacy argument is rational basis, not reasonable doubt. And here, particularly on a plain error review standard, there was more than a rational basis for finding it. The prosecutor put upon the record many details supporting the adequacy of the plea. For example, there are the... Ms. Uriah, get right to the point. The thing that counsel for the defendant has been arguing very powerfully is that we all agree that the government has to show a sufficient factual predicate for the plea. And her argument as to the distribution count, as I understand it, is you have the naked admission by the defendant that he sent six images to South Africa and they were not images of his minor daughter. What other detail do we have in the record as to that distribution, as to the contents of that distribution, as to what those images contained or depicted? And if we have none, is that sufficient to meet the rule 11 standard? Well, we have an admission that it was, we have an admission from him that it wasn't his daughter, but since that's not an element of the crime, what we... But that's not my question. My question is what admissions do we have relative to what the six images that were allegedly distributed contained or depicted? The evidence of the images consists of the images that were taken of his daughter a few days... But those weren't the images that were transmitted. Well, he's contesting the identity. He's not contesting the content. If the daughter had a twin sister, wouldn't we be in the same boat? Wait, no, wait. I want to be sure I understand. So you're, are you saying that the record indicates that the defendant admitted that he sent a particular set of images, but that those images did not depict his minor daughter? Because that's not the way I understand the record to this point. All I, he admitted to the police, he sent images. He admitted he, the content of his exchanges with the gentleman in South Africa suggests that the content of those images was lascivious to say the least. The... On that point, is it relevant that as I read the record, he does not contest that the six that were pornographic? Oh, yes. He doesn't contest that. The only thing he didn't... I understand that. So how is it, does that provide some evidentiary support for an inference that the content of the images he must have sent were themselves child pornography since it was in response to a trade? Well, yes, particularly since when you take it in the context of the long chat string that preceded the exchange of the images, it's very clear what kind of content both those parties were looking for in the images they were trading. The only thing he didn't want to admit at the public, in the publicly held plea hearing was that his daughter was the one in the picture. And it's not the first time that a defendant has contested some aspect of a factual predicate when it came, when push came to shove at a plea hearing. But if that fact isn't an elemental fact, if it isn't necessary to support the charge, then this court has affirmed the acceptance of those pleas as having an adequate factual basis. That's the nature of Cheal. That's the nature of the other cases cited in the government's brief. And it's not surprising to me that there are no plea agreements, pleas upheld on appeal pertaining to lack of images in a distribution account because if it's a plea, it often isn't appealed. This one wouldn't have been appealed except he said something at the, he made a remark at the plea, a change of plea hearing and a remark that his defense attorney put on the record was not relevant to the court's consideration. So in order for this court, particularly under plain error, to overturn and vacate the plea, you have to conclude that the defense attorney was also wrong in informing the court that that one factual statement didn't matter and that all the other things that he was admitting to and that he heard the prosecutor say that he didn't contest, that all those findings were wrong. And there's just no evidence to support that conclusion. As to the constructive amendment claim, it stems from the same flaw. And I also note that the constructive amendment argument is, should be reviewed on plain error. Whatever took place in the court below, the words constructive amendment are not on the record. There was no argument made that what the court did was constructively amend the as my sister concedes in her opening brief at note four, the constructive amendment argument should also be reviewed on plain error. I have one other point. I'm sorry. Just on that, if you, if we thought, particularly because it's on plain error, if there was a dispute between whether it was a constructive amendment or a variance, it would make sense to treat it as at most a variance. Could you just address the prejudice issue as to what we should do if we were to conceive of it as a variance? Well, it's a non-prejudicial variance as the government has argued in its brief. The defendant is not surprised by this. I know she's arguing, my sister's arguing double jeopardy, but were the photographs that were distributed on April 29th. And would, and since we don't have the images would involve the constellation of circumstantial evidence that was laid out in the record at this change of plea hearing, there's only one set of facts that we have. So I don't see how you could prosecute twice on that single set of facts. Well, I think the point is that since we don't know what the six images were, since the record provides no real detail, that the, that the government potentially could come up with another indictment and say, oh yeah, but these aren't the same six images that we were talking about in the first indictment. I think that's what, I understand her argument, but in terms of prosecuting, you'd have to use what you had or what you could have done. And I think double jeopardy. But you certainly could have put a description of the images on the record. Well, there was no, that we could not recover the images. You couldn't recover the images, but the defendant wants to enter a plea. And it seems to me he certainly could have been asked to describe the images or verify in some way what their content was. I mean, it's like you could indict a defendant for robbing a store and neglect to ask him which store or what the address was and leave him open for double jeopardy for another store robbery. The government has some burden here in Missouri. Yes, your honor. In light of the amount of evidence that the government did place on the record at the plea hearing and the fact that the only thing the defendant contested was the identity of the child in the photograph, it appears to me from the record that everyone, including defense counsel, was satisfied that the government had adequately described the evidence available and that there would be no risk of anything. No risk of a double jeopardy argument. I think the defense attorney would have contested even allowing his defendant to plead to the counts if there was that much of a discrepancy. But see, you're headed down a slippery slope when you start relying on what defense counsel contested. Because in virtually every case, in my experience, where a conviction or a plea has set aside because of an insufficient factual basis, defense counsel who was present at the time of the plea had counseled his client to admit to the factual basis. There had been no contest. Then someone else comes along, takes a fresh look at the situation, and says, well, that's ridiculous. They have nothing but the defendant pleading to the charge. There's no factual basis here. So the fact that defense counsel goes along or doesn't contest something is really pretty slim pickings for the government. And if the prosecutor had not given as detailed a presentation as she did at the change of plea hearing, I think that there would be more risk involved for the defendant in having the plea confirmed. The most detail about the contents of the pictures turns out to have been disputed by the defendant. And then it was accepted that that detail was not the detail that described the pictures. And so what you're left with is at most an admission that six images were sent in response to a trade or as part of a trade after prior discussions of the sexual content of pictures. That's all we have. Now, maybe that's enough. But I think the record doesn't show any more than that as to the content of the picture. Six images of minors of a minor unlabeled. It does. Well, he does say that they were kids. So that's true. We could say that he is saying he sent six pictures of kids off the Internet. Six images of minors involved in lascivious conduct were transmitted over the Internet. And that's not required to support the plea, particularly under the standard of review here. All right. Thank you, Ms. Zuercher. Would you please mute both your audio and your video? And Attorney Aylan, unmute, please. And you have a couple of minutes rebuttal time. Yes. Can everyone hear me? I just want to counter this issue about identity. Identity has been irrelevant. The bottom line is you have six images with no description. And the reference of kids off the Internet, well, I'm sorry, some people who are 18, 19 years old look like kids. They look like they're 15 or 16. That's the problem here. The problem here is we have no idea the age of the kids in the images, what was sent. And by the way, with respect to what's on the record, when Mr. Gaccioni sent the six images to Mr. Byrne, the exact response of Mr. Byrne was, yes, I got them. Damn, she's beautiful. That's it. Nothing sexually explicit, nothing grotesque. In other words, we have no idea whether the images themselves were merely erotica. That's why it's relevant as to having a description or, in a better case, an image. Pardon? Isn't the context of the exchange, though, between the man in South Africa and your client of some relevance in determining whether we could infer what the pictures were? In other words, he says, I'm sending you images of what are clearly described as child pornography, and there's no dispute that that was sent to your client. Your client then says, here's what I can send you in return. And then as you just described, rather than the man in South Africa expressing any concern that he didn't get what he expected, he seems pleased by what he got. Why wouldn't that be enough to say that that supports the inference that what your client told the court he had done was, in fact, what he had done, that he had sent pictures that were child pornography? Well, for two reasons. One, it may just be that the images that Mr. Byrne had hoped in the future, he would get more images, right? And that's kind of the nature of what these guys do. So it's not like he called them out and said, you know, you didn't send me an image. He was probably hoping for something else. He was hoping to get more images. And second, I think Rule 11 just demands more than inferring that the statute has been violated here, that the images themselves portrayed a minor, a real minor, that they were sexually explicit and not erotica, particularly when even when the government seized evidence for Mr. Gaccioni, as I said before, he hardly had any images that even constituted pornography. Half the images they recovered were erotica. Thank you, counsel. That concludes argument in this case.